█ In the Matter of William J. Cronin, Appellant, v. Temporary New York State Commission of Investigation, Respondent.— Appeal from an order of the Supreme Court at Special Term which denied petitioner's applica tion to quash a subpœna issued and served upon him by respondent commission in connection with its investigation into purchases made by and for institutions,

agencies and departments of the County of Albany. The contention, advanced by appellant, that the commission was not created for "special purposes" within the requirement of the Constitution (art. V, § 3) has been overruled and may not be considered anew. (*Matter of Commission of Investigation of State of N. Y.* v. *Lombardozzi,* 7 A D 2d 48, affd. 5 N Y 2d 1026, cert. denied 360 U. S. 930, appeal dismissed 361 U. S. 7, cert. denied and appeal dismissed 361 U. S. 10.) We find no basis for appellant's argument that the extension for two years (L. 1962, ch. 478) of a temporary commission originally established for five years in some way transformed the commission into a permanent department of the State government, in violation of the Constitutional limitation upon the number of civil departments (N. Y. Const., art. V, §§ 2, 3). The life of the commission will terminate at the end of the extended term and may, indeed, be terminated prior thereto by action of the Legislature. Neither do we find merit in the contention that the commission is a permanent department because it succeeded to the functions of the Commissioner of Investigation. (See L. 1953, ch. 887; L. 1958, ch. 989, § 9; cf. *Matter of Consolidated Edison Co. of N. Y.* v. *Moore,* 277 App. Div. 245, 249–250.) As apposite now as when the commission was originally constituted is the statement in the *Lombardozzi* case (*supra,* p. 53) that "Judged by any standards the commission is a temporary one". Order affirmed, without costs. Settle order on notice. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur.